## Evans v. Stratton.

(Decided March 8, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Land—Sale of—Written Contract—Signed by Vendor—Validity.—A written contract for the sale of land is enforcible against both parties to it if signed by the vendor. The vendor holding the title is the party to be charged by such contract within the meaning of the statute of frauds, and an action against the vendee for the purchase money may be maintained, although he did not sign the written contract

2. Assignment of Title Bond—Validity—Acceptance.—The law permits the assignment of a title bond by the vendee and does not require a written acceptance of the assignment by the assignee. Both the vendor and assignor are bound to perform the contract and each is liable to the assignee for its breach.

JOSEPH E. CONKLING for appellant

L. A. HICKMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment entered in the court below upon a verdict awarding appellee $400, damages against appellant for the alleged breach by him of a contract with respect to the sale of a house and lot in the city of Louisville. It was alleged in the petition that one, Anna C. Pryor, on the 8th day of October, 1909, executed and left in the hands of B. H. Wilson & Co., real estate agents of Louisville, a writing authorizing them to sell upon the terms, therein specified, a house and lot on South Eleventh street, in that city, owned by her; and that appellee on the same day accepted in writing the proposition of sale at the price and upon the terms expressed in the instrument. In order that their meaning may be understood, we here copy the writing in question and appellee's acceptance of the offer of sale it contains:

"Louisville, Ky., Oct. 8th, 1909.
"B. H. Wilson & Co., Agents:
"I, the undersigned, authorize you to sell my house known as 930-932 and 934, South Eleventh street, with lot 50x150-20x105 for the sum of $1,500 Fifteen Hundred Dollars cash, ———— balance of which I will take second mortgage lien notes amounting to Thirteen Hun-

dred ($1,300) Dollars, payable one and two years in equal payments, on or before. Should the title prove defective present owner is to be responsible to the amount of charges of either title company of Louisville, Kentucky. Present owner is to pay B. H. Wilson & Co., agents, the regular commission as agreed upon by the Louisville Kentucky Real Estate Association, January 2, 1907, if the proposition is accepted. Above property is to be deeded with a deed of general warranty and to be free from any and all incumbrances except all taxes for the year 1910.

"Anna C. Pryor."

"I accept the above proposition, this 8th day of October, 1909.

"Jennie D. Stratton."

It was in substance also alleged in the petition that shortly after appellee's purchase of the house and lot she agreed, in consideration of $400 to be paid her in cash by appellant, and his undertaking to pay Anna C. Pryor the $2,800 she had agreed to accept from appellee for the house and lot, to assign appellant all her rights acquired under the written contract with Anna C. Pryor; that appellant thereupon employed the Kentucky Title Company to examine the title to the house and lot described in the written contract, which duty it performed, and thereafter appellee at the request of an officer of the Kentucky Title Company, appellant's agent, assigned the written contract made with Anna C. Pryor to appellant. The assignment was written on the contract and is in words and figures as follows:

"I hereby surrender all my right, title and interest in this contract for a valuable consideration to T. C. Evans. Oct. 20th, 1909.

"Jennie D. Stratton."

The petition contained the further averments that notwithstanding the assignment by appellee of her rights and interest under the contract with Anna C. Pryor to appellant and his acceptance thereof, he failed and refused to pay her the $400 he agreed to pay therefor, or to perform the contract with respect to the rights of Anna C. Pryor; that appellee was damaged $400 by appellant's failure to comply with his contract with her, and for this amount she prayed judgment.

The appellant's answer merely traversed the averments of the petition.

Appellant asked a new trial in the court below on various grounds, but three of them do we deem it necessary to consider. These are, 1st., That as he did not in writing accept the assignment from appellee of her contract with Anna C. Pryor there should have been no recovery. 2nd, That the jury were not properly instructed. 3rd, That there was no evidence to support the verdict and, therefore, a peremptory instruction should have been given by the court directing the jury to find for him.

The first of these contentions is manifestly unsound, for as a matter of law a written contract for the sale of real estate is enforcible against both parties to it, if signed by the vendor. The vendor holding the title is the party to be charged by such contract within the meaning of the statute of frauds, and an action against the vendee for the purchase money may be maintained, although he did not sign the written contract. Leslie v. Grimes, 7 J. J. M.,, 336; Moore v. Chenault, 16 R., 531; Ellis v. Dedman's Heirs, 4 Bibb., 466; Tyler v. Ouzts, 14 R., 321.

When appellee accepted in writing the written proposition of sale made by Anna C. Pryor, the owner of the lot, it consummated the sale of the property to her and constituted the writing a title bond, which entitled each of the parties to a specific performance of the contract, according to its terms. The law permits the assignment of a title bond by the vendee, and does not require a written acceptance of the assignment by the assignee; both the vendor and assignor are bound to perform the contract and each is liable to the assignee for a breach thereof. A verbal acceptance on the part of appellant of the assignment made him by appellee of the contract for the sale of the lot into which she had entered with Anna C. Pryor, met all the requirements of the law.

That there was an acceptance by appellant of the assignment and contract of sale there was ample testimony to establish. Not only was the acceptance proved by the testimony of B. E. Wilson, the agent of both parties, but it was further shown by the acts and conduct of the appellant himself; for he put the matter into the hands of the Kentucky Title Company for an examination of the title and preparation of the deed, if the title was found to be correct, and by direction of an officer of

that company appellee was required to formally make and write upon the contract the assignment thereof to appellant. Moreover, when it was discovered by the officials of the Kentucky Title Company that the house on the Pryor lot extended over two or three inches upon an adjacent lot, appellant demanded that appellee purchase enough of the adjacent lot from its owner to cure this defect; and in compliance with his demand she did make the purchase of the additional ground and received from the owner thereof a deed of conveyance therefor to appellant, and also caused a deed to be prepared from Anna C. Pryor to appellant conveying him the lot described in the contract of sale assigned to appellant, and this deed was duly acknowledged by Anna C. Pryor and tendered to appellant before the institution of this action. Obviously, the act and conduct of appellant referred to constituted a full and complete acceptance of the assignment made him by appellee of her contract with Anna C. Pryor, and made him the beneficiary thereof. This disposes of appellant's third contention that the verdict of the jury was without support from the evidence.

The fact that appellant by his acceptance of the assignment of the contract from appellee was made to pay $400 more for the property than it would have cost him if purchased directly from Anna C. Pryor, gave him no right to repudiate his contract with appellee after accepting the assignment. Nor does the fact that his acceptance of the assignment was made after the expiration of the time fixed in a written offer to purchase the property directly from Anna C. Pryor, which he had made through B. H. Wilson, affect the validity of the assignment. It is not alleged in the answer, nor shown by the proof that there was any fraud or collusion between Wilson and appellee whereby the latter had, pending appellant's offer to purchase the property, secured it by the contract with Anna C. Pryor at $400 less than appellant had offered to pay for it. So, we need not decide what effect such fraud and collusion, if established, would have had upon the assignment.

We also fail to see any merit in appellant's contention that the jury were improperly instructed by the trial court. The two instructions given sharply and correctly submitted to the jury the single question whether appellant accepted the assignment of the contract made by Anna C. Pryor with appellee; this was all that was necessary to submit to the jury.

If they found from the evidence that the assignment had been accepted by appellant, they necessarily had to find for appellee $400 as instructed by the court, for that was the amount appellant agreed to pay her for the property over and above what she had contracted to pay her vendor for it. The measure of damages was, therefore, fixed by the law as well as by the terms of the assignment.

For the reasons indicated the judgment is affirmed.