## Armstrong v. R. S. Lyen and H. T. Lyen.

(Decided April 26, 1912.)

### Appeal from Mercer Circuit Court.

Real Estate—Sale of—Statute of Frauds—Contracts—Signing by Vendee Alone.—The statute demands that in contracts for the sale of real estate, the vendor, the party to be charged, must sign. The fact that the vendee has signed gives him no right of action against the vendor in the absence of his signature. A contract signed by the vendee alone is a unilateral, executory contract, without mutuality of obligation and is insufficient to support any action.

C. E. RANKIN for appellant.

E. H. GAITHER for appellees.

Opinion of the Court by Judge Winn—Affirming.

This action was brought by J. L. Armstrong against appellees, R. S. and H. T. Lyen, to recover damages for an alleged breach of the following alleged contract:

"We, the undersigned, hereby agree to buy 120 or 130 acres, more or less, of land, known as the Susan Armstrong land, now owned by Rankin Clemmons and adjoining the lands of J. T. Lyen on the north, and we further agree to pay the sum of $47.50 per acre.

"R. S. Lyen,
"H. T. Lyen."

Demurrer was sustained to the petition, and upon plaintiff's declination to plead further his action was dismissed. He appeals here. A number of questions are argued for our consideration, but since one of them disposes of the case, it alone will be considered.

Section 470, Kentucky Statutes, provides that "no action shall be brought to charge any person * * * upon any contract for the sale of real estate * * * unless the promise, contract, agreement, * * * or

some memorandum or note thereof be in writing, and signed by the party to be charged therewith, or by his authorized agent." The plaintiff alleges that he sold the land to the Lyens under this, as to him, unsigned contract. He, in order to have it made a valid contract, must have signed the contract, and must have agreed directly or by direct implication to have sold the land. Within the meaning of the statute the words "the party to be charged therewith" mean the vendor. Moore v. Chenault, 16 Ky. Law Rep., 531, s. c. 29 S. W., 140; City of Murray v. Crawford, 138 Ky., 25; Evans v. Stratton, 142 Ky., 615; Wren v. Cooksey, 147 Ky., 825. No action, therefore, could be maintained upon the contract against Armstrong. While the rule is that if the vendor sign, he can maintain his action against the vendee, though the latter do not sign, the reverse of the rule is not true; because the statute demands that the vendor, the party to be charged, must sign. The fact that the vendees have signed gives them no right of action against the vendor in the absence of his signature. In City of Murray v. Crawford, supra, it was said that "manifestly a writing executed by one who is not 'the party to be charged,' can not satisfy the statute." In that opinion it is further remarked that to hold that "the party to be charged" is the party against whom the suit is brought, would be to allow the vendor in cases like this to maintain an action against the vendees, though none could be maintained by the vendees against him. This, the opinion remarks, can not be done. The contract at bar, signed by the vendees alone, is a unilateral executory contract, without mutuality of obligation, and, therefore, insufficient to support any action.

The judgment is affirmed.