## Kaiser v. Jones.

(Decided February 26, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 2).

Statute of Frauds—Requisites and Sufficiency of the Memorandum.—Within the meaning of the statute of frauds, the words "the party to be charged" mean the vendor, in a sale of land; and unless the vendor sign, he may not maintain an action upon the writing, even though the vendee has signed it.

L. A. HICKMAN for appellant.

McDERMOTT & RAY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellant, Henry Kaiser, is the owner of a tract of land at Burwinkle Station, on the Bardstown Road, in Jefferson County. Desiring to sell it, he caused it to be advertised for sale through the agency of John R. Summers & Company, auctioneers.

Pursuant to said advertisement, said auctioneers on the day therein fixed, and upon the premises so adver‐ tised, offered the said land for sale at public outcry, and appellee, Mary Jones, bid to pay therefor the sum of six thousand five hundred dollars, which being the highest bid, was accepted by said auctioneers for appellant, and the property was knocked off to her at that price.

Immediately before making the sale, the auctioneer had taken a newspaper clipping containing the adver‐ tisement of sale, and pasted it upon a sheet of paper; and after the sale was made, this paper was signed by the purchaser, Mrs. Jones, so that it read as follows:

"For sale. At auction. Monday, June 10, at 2:30 p. m. Ten-acre farm, at Burwinkle Station, on Bards‐ town Road opposite Hike's Lane. This is the garden spot of Jefferson County. Suitable for a suburban home, truck-garden, or can be subdivided. Terms announced at sale. John R. Summers & Co., Auctioneers. (This was the newspaper clipping pasted upon the paper; then follows the remainder of the writing.) Louisville, Ky., June 10, 1912. In accordance with the above advertise‐ ment hereto attached, the property was sold to Mrs. Lon Jones for $6,500, who has attached their signature. (Signed) Mrs. Lon Jones." This constituted the writ‐ ten memorial of the contract.

Thereafter, the purchased having failed and refused to pay the purchase price according to her bid, appellant brought an action against her in the Jefferson Circuit Court for damages for breach of the contract. A de‐ murrer was sustained to his petition and amended pe‐ titions; and plaintiff declining to plead further, the ac‐ tion was dismissed by the court; plaintiff appeals.

Appellant contends that the memorandum is suf‐ ficient, and appellee that it is insufficient, under the stat‐ ute of frauds.

In Armstrong v. Lyen, et al., 148 Ky., 59, 145 S. W., 1120, this court said:

"Within the meaning of the statute, the words "the party to be charged" mean the vendor. Moore v. Che‐

nault, 16 R., 531; 29 S. W., 140; City of Murray v. Crawford, 138 Ky., 25; 127 S. W., 494; Evans v. Stratton, 142 Ky., 615, 143 S. W., 1154, 34 L. R. A. (N. S.), 393; Wren v. Cooksey, 147 Ky., 825, 145 S. W., 1116. While the rule is that if the vendor sign, he can maintain his action against the vendee though the latter do not sign, the reverse of the rule is not true, because the statute demands that the vendor, the party to be charged, must sign."

The memorandum here in question was not signed by the vendor; but, he contends, it was signed by the auctioneer. As will be seen by reference to the memorandum, the only place where the name of the auctioneer appears is at the bottom of the printed clipping or newspaper advertisement of the sale, which clipping was pasted upon the paper on which appellee signed her name, and above that part of the writing to which she affixed her signature.

In support of his contention that the name of the auctioneer printed on said clipping is a sufficient signature, appellant cites 20 Cyc., 275, where it is said that "a printed or stamped signature may be a sufficient signature if adopted and intended as such," which statement is supported by citation of several English cases. But, granting that a printed signature, if adopted and intended as much, might be sufficient, the printed signature of the auctioneer is appended to the advertisement of sale, not to that part of the writing which recites that appellee has become the purchaser of the property. Manifestly it could not have been adopted and intended as the signature of the auctioneer to that part of the memorandum which Mrs. Jones signed, else it would have been appended to that of the paper. Moreover, Kentucky Statutes, section 468, provides that the signature must be subscribed at the end of a writing.

The court is of the opinion, therefore, that the memorandum was not signed by the auctioneer as a matter of law; and having been signed by neither the auctioneer nor the vendor, it is within the statute of frauds and unenforcible against appellee.

Having reached this conclusion, it is unnecessary to pass upon the sufficiency of the memorandum, in respect of the description of the property as therein contained, or in respect of the failure to state therein the terms of the sale.

Judgment affirmed.