## Smith v. Ballou.

(Decided November 17, 1925.)

### Appeal from Pulaski Circuit Court.

1. Vendor and Purchaser—Instrument Construed as Option Agreement—No Action Maintainable on Option After Expiration.— Where plaintiff advertised property for sale at auction to be held November 26th, and then with agent executed instrument with defendant providing that for a consideration of $10,000.00, to be paid before 10 o'clock November 26th, they would bind themselves to make warranty deed to defendant, and should defendant pay or cause to be paid such sum as indicated, property was to be sold to highest bidder at auction and any amount above $10,000.00 it brought was to be divided equally between plaintiff's agent and defendant, otherwise it was null and void, held that instrument was intended as an option agreement depending on defendant's meeting conditions by 10 o'clock November 26th, and since he did not do so it expired, and no action was maintainable thereon.

2. Frauds, Statute of—No Action Maintainable on Verbal Agreement to Purchase Made After Expiration of Option Agreement.—Where parties after expiration of option entered into verbal agreement for purchase and sale of property, no action could be maintained thereon.

3. Frauds, Statute of—Written Memorandum of Sale Must be Signed by Party Owing Real Estate.—Where defendant made written memorandum to effect that he had purchased real estate, such memorandum was insufficient to satisfy the statute, for such memorandum must be signed by party sought to be charged, and it is well settled in Kentucky that party to be charged is one owning real estate to be conveyed.

WESLEY & SON and J. W. COLYER for appellant.

DENTON & PERKINS and M. L. JARVIS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

J. E. Smith owned a large tract of land in Wayne county which he had advertised to be sold at public auction on Nov. 26, 1923, the property being fully described in the advertisement. Smith had also listed the property for sale with W. B. Denny, a real estate agent, who conducted negotiations in reference thereto with T. C. Ballou.

On the 17th day of November, 1923, Smith, Denny and Ballou executed a writing witnessing, "that for and in consideration of the sum of $1.00 in hand paid and $10,000.00 to be paid on or before 10 o'clock November 26, 1923, parties of the first part (Smith and Denny) sell unto the said Ballou and bind themselves and their assigns to make him a general warranty deed therefor, all and singular a certain tract of land consisting of 644 acres, with all timbers, minerals, oils and all rights thereunto belonging or in any wise appertaining; parties of the first part agree to accept and take as part payment three certain houses of said Ballou situated in the town of Somerset, Kentucky, at the price of $7,000.00, and the remaining $3,000.00 to be paid as above. The above mentioned property is now more particularly located and described in a certain bill of sale for November 26th, 1923, and it is further agreed by all parties hereunto, that should said Ballou pay or cause to be paid ten thousand dollars as above, this property may sell to the highest bidder, and any amount above the ten thousand dollars it brings at such sale shall be divided equally between T. C. Ballou and W. B. Denny, otherwise this is null and void."

Ballou did not make the payments indicated and Smith proceeded with the sale. Ballou was the successful bidder at the sale. It does not appear that the auctioneer or Smith ever executed any written memorandum indicating that fact, but Ballou executed the following writing: "Sold to T. C. Ballou, J. E. Smith's 644 A. farm for $12,500.00 cash.    (Signed) T. C. Ballou."

Ballou did not take the farm or offer to pay for it and Smith filed this suit. The original petition alleged a verbal contract between the plaintiff and defendant for a sale of the farm to Ballou at $10,000.00, he to pay $3,000.00 in cash and to convey Smith three lots in Somerset at the price of $7,000.00. It is further alleged that the farm had theretofore been advertised for sale on November 26, and

that it was agreed between the parties that Ballou should bid on it and force the price as high as $10,000.00; that he did so and became the purchaser at $12,500.00, and executed the second writing above set out; that plaintiff had tendered him a good and sufficient deed for the land but that he refused to perform any part of his contract.

The prayer was for the recovery of $10,000.00, with the option to defendant of conveying the lots named in payment of $7,000.00 of the consideration. A demurrer was sustained to the petition, and in an amendment plaintiff pleaded the written contract above described and sought a recovery thereon. A demurrer was sustained to this, and plaintiff declining to plead further his petition was dismissed.

The writing of November 17 is in the nature of an option binding Smith to convey his property for the consideration named, this to be paid on or before 10 o'clock November 26th. Time was of the essence of the contract. The property was advertised to be sold at public auction on the latter date, and Smith did not intend to forego the public sale, unless this sale was perfected in the meantime, it being clearly implied that unless this was done the auction sale would be held as advertised. If Ballou met the condition he was authorized to hold the auction sale and he and Denny were to divide the amount realized in excess of $10,000.00. That such was the intention of the parties is emphasized by the concluding words, "otherwise this is null and void." It is argued that these words refer to the provision for a division between Ballou and Denny, but the parties meant more than this. The entire instrument shows that Ballou's rights depended on his meeting the conditions of the contract within the specified time, and the word "otherwise" clearly refers to a failure upon his part to do this. It follows that as Ballou did not meet the conditions, the option expired at 10 o'clock on November 26, and no action can be maintained on it. Such was the construction of the contract by the parties themselves, as is evidenced by the fact that they then made a verbal agreement for a sale of the land. That Smith so understood the contract is evidenced by the fact that in his original petition he relied on the verbal contract.

Clearly no action lies upon the alleged verbal agreement to purchase, nor upon the writing signed by Ballou on November 26th, to the effect that he had purchased the farm for $12,500.00. To be sufficient under the

statute of frauds the written memorandum of sale must be signed by the party sought to be charged, and it is well setled in this state that the party to be charged is the one owning the real estate to be conveyed.

Perceiving no error the judgment is affirmed.