### Reeves, et al. v. Walker, et al.

(Decided May 3, 1927.)

#### Appeal from Greenup Circuit Court.

1. Frauds, Statute of.—A writing, in order to pass title to land under statute, must be signed by vendor.

2. Deeds.—As between original parties, deed to land was vacated by subsequent writing by which grantees took only timber with right to remove it in three years, and were paid back purchase money previously paid on deed.

3. Logs and Logging.—Written instrument, conveying timber on land with right to remove it in three years, was a deed, since "deed" is an instrument written on paper or parchment conveying an interest in land, duly signed and delivered.

S. S. WILLIS for appellants.

JOHN M. THEOBALD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

T. F. Walker, who owned a farm in Greenup county, about February 1, 1914, conveyed the land to Reeves & Burgess, a firm; his wife joined in the deed, which was duly acknowledged and delivered but not recorded. They paid him $1,000 down and executed two notes, each for $300, for the balance of the consideration. About two weeks later Walker concluded to keep his farm, and an agreement was made between them that Reeves & Burgess would pay him $100 for the timber on it. Thereupon, at a meeting between Walker and Burgess, the deed was returned to Walker; he paid back to them the $1,000 and returned to them the two notes. They paid him $100, and he executed to them a writing by which he sold them the timber on the land. They did not execute to him any deed for the land, but went on cutting the timber until he caused them to stop. They then brought this suit on November 30, 1917, setting up the above facts, praying a judgment of the court rescinding the verbal contract between them, and that defendant be decreed to return the deed and accept the purchase money and that the account between them be settled. By his answer, Walker denied the allegations of the petition, and by the second paragraph pleaded an estoppel, alleging these facts:

Before any possession of the land was delivered under the contract, and while he still held possession, by a mutual agreement, the trade was rescinded, the consideration paid was returned, the deed and note were burned, and the parties entered into a written contract to take the place of the first contract in these words:

"Feb. 12, 1914.

"This contract is to certify that T. F. Walker bargained and sold his timber to J. T. Burgess and

G. A. Reeves for ($400.00) four hundred dollars, ($300.00) three hundred dollars hand paid, ($100.00) one hundred dollars to be paid ten days from date; this timber being in two tracts of land which contains 186 acres, this timber and land lying on the head of Claylick in Greenup county, Ky. The aforesaid T. F. Walker reserves the timber in lot on west side of his house and also between house and road in front of house and also reserves all chestnut timber from tie down. T. F. Walker agrees to give one sawmill set and roads. The second party agrees to commence cutting at the head of Black Berry Hollow and said T. F. Walker reserves all timber that is left standing after once cut over.

"(Signed) T. F. WALKER."

He alleged that the paper was executed in lieu of the former contract of sale and to take its place, but by mutual mistake or oversight of the parties the writing omitted to so state; that under this contract the plaintiffs went upon the land and took the timber pursuant thereto, during the time they had a right to take under the contract, but this time had expired when they filed the action, and they no longer had any rights under it; that by reason of the fact that the plaintiffs accepted a return of the purchase money, kept it and appropriated it to their own use, consented that he should retain the land and destroyed the deed and entered into a new contract in writing with him inconsistent with the claim of ownership in the land and proceeded to act upon the new contract, and obtained the performance thereof from the defendant, accepting all the benefits of the new contract, and making no pretense of claim of ownership, or any other claim to the property whatever for a period of more than three years, they were estopped now from asserting the claim sued on.

The testimony for the plaintiffs as to what occurred after they had agreed with Walker on the rescission of the deed is in these words

"Well, we came back home, and we drew an article for the timber, and I reached Mr. Walker his deed, and I believe I told Mr. Walker then that the weather was bad, and he would have to wait some few days until it cleared up a little before we could take our wives out to sign the deed, or take them anywhere to acknowledge the deed, or have a notary

public come there, for the weather was bad, and he asked me if we had ever recorded the old deed, and I told him we had not and that I had his old original deed in my possession, I think, and he said, well, if it wasn't recorded to give him back the deed that he had made to me and Mr. Reeves, and he would make away with it; there was nothing on record showing that anybody else had a deed but him, so I reached it to him and he burned it and I burned the notes; he transferred the notes to me, and they was all burned together."

The circuit court on the final hearing dismissed the petition; the plaintiffs appeal.

It is insisted for the plaintiffs that the title to the land vested in them upon the delivery of the deed; that Walker remained in possession as their tenant at will; that the parol contract subsequently made was invalid under the statute of frauds, and that, as they did not sign the new contract, the title to the land still remains in them. Sykes v. Hurd, 195 Ky. 560, 242 S. W. 853, and cases cited. 8 R. C. L. p. 1021, 1022; 18 C. J. 406.

It is insisted for the appellee that under the facts the plaintiffs are estopped to claim the land. Walker and Burgess both state that the purpose of drawing the writing of February 12, 1914, was to show that the former contract was rescinded and that this was omitted from the writing by mistake or oversight. There is no contrary evidence; but the fact is only Walker signed this writing, and, under the statute of frauds, the writing, to pass the title, must be signed by the vendor.

This brings us to the question of estoppel. In Hall v. Wright, 137 Ky. 39, 127 S. W. 516, the father had made a deed to the son for 2,000 acres of land in 1882. His wife had not joined in the deed. In 1885 the father and mother joined in a deed for 1,500 acres of the land to the son for life, with the remainder to his children. The son accepted the deed of 1885 and held under it; but, after the father's death, set up claim to the 2,000 acres. Holding that the acceptance of the second deed and taking under it was a vacation of the first deed, the court, citing many authorities, said:

"The two deeds are inconsistent. By the first the son takes 2,000 acres of land, subject to his mother's right of dower. By the second, he takes 1,500 acres of the same land, free from his mother's

right of dower. But in the latter deed he received only a life estate, with remainder to his children. The rule is well settled that, where a vendee takes a second deed, inconsistent with the first, the second vacates and nullifies the first." 137 Ky. 48, 127 S. W. 519.

In 18 C. J. p. 407, the rule is thus stated:

"So, as between the parties and persons with notice, a deed, although recorded, is vacated and annulled by the acceptance by the grantee of a subsequent inconsistent deed from the grantor."

Also see Elliott v. Saufley, 89 Ky. 52, 11 S. W. 200, 10 Ky. Law Rep. 958.

In this case the deed was not recorded. The controversy is between the original parties. The writing of February 12, 1914, is inconsistent with the first deed. Under the original deed the grantee took the entire property, but under the writing of February 12th they took only the timber with the right to get it off in three years. They got back the purchase money they had paid for the property. They in fact only paid $100 for the timber, although the writing recites a consideration of $400. This paper is a deed, as defined in the law books, although not recorded; for an instrument written on paper or parchment, conveying an interest in land, duly signed and delivered, is a deed. Newman on Pleading, section 201; Hammond v. Alexander, 1 Bibb, 333.

Judgment affirmed.