## Green v. Elliott County Board of Education.

(Decided June 14, 1932.)

JOHN T. REDWINE and M. M. REDWINE for appellant.

W. E. MOBLEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

S. L. Green brought this suit against the Elliott county board of education to recover on a $500 warrant claimed to have been issued and delivered to him by the board in payment for a house and lot in the Sam Green school subdistrict of Elliott county. After hearing the evidence, the court dismissed the petition and Green appeals.

The only record of the transaction is the following which appears on the minutes of the county board of education as of November 6, 1922:

"It is ordered by the County Board of Education that S. L. Green be allowed and paid by the Treasurer of this Board the sum of Five Hundred Dollars ($500.00) for House and Lot in Sam Green sub-district."

However, the evidence discloses that appellant delivered possession of the house and lot to the county board

of education, and that school was conducted therein until the year 1927, when the house was destroyed by fire. In the meantime, appellant had been demanding a settlement, but did not tender a deed until after the house was destroyed by fire, and this action was instituted. The terms of the contract according to appellant were these: The lower room in the schoolhouse was to be reserved for church purposes, and, in addition to the $500, the board was to convey him two school sites. He further claims that he proposed in writing to convey the house and lot in Sam Green sub-district. In this he is corroborated by a former superintendent, who claims to have seen the letter, but was unable to find it. Afterward the same witness claimed that the letter was, in substance, as follows:

"W. S. Brown, Supt. of Schools of Elliott County and Board of Education:

"I will make a deed to the Elliott County Board of Education for the house and lot in Sam Greene School subdistrict when the Five Hundred Dollars is paid for which amount I sold it to said Board.

"This November 6th, 1922.

"S. L. Green."

Though appellant claims that he offered to make the board a deed at any time, he says that, if he ever offered to make a deed without reservations, and without the county board having first conveyed the two other lots to him, he did not remember it.

Under our statute of frauds no action may be brought to charge any person upon any contract for the sale of real estate unless the contract or some memorandum or note thereof be in writing and signed by the party to be charged therewith, or by his authorized agent. Kentucky Statutes, sec. 470, subsec. 7. The party to be charged is the owner or vendor of the real estate, and to be effective the written contract or memorandum must be signed by him. Smith v. Ballou 211 Ky. 281, 277 S. W. 286; Wren v. Cooksey 147 Ky. 825, 145 S. W. 1116. In cases of agreements to exchange lands, both owners or vendors are the parties to be charged, and both must sign. The agreement must be mutually binding, and, if only one of the parties to the exchange of lands signs, the agreement is not binding on the other, and therefore not

binding on him. Even if it be conceded that the evidence was sufficient to show that appellant's original proposal to the board was in writing, it can hardly be that the foregoing copy of the letter given from memory is correct. Not only do all the witnesses agree that one of the rooms of the schoolhouse was to be reserved for church purposes, but that the county board was to convey appellant two school sites in addition to paying him the sum of $500. But assuming that appellant signed a written proposal which was sufficient to bind him, there is no showing that the board of education ever signed any agreement or memorandum obligating it to convey the two school sites to appellant. In the circumstances, neither it nor appellant was bound. Thus we have a case where it is sought to recover a part of the consideration of an unexecuted and unenforceable contract long after its execution has been rendered impossible by the destruction of the property which appellant agreed to convey. There is no escape from the conclusion that the judgment of the circuit court was proper.

Judgment affirmed.