## Hamblin et al. v. Walters.

(Decided Dec. 2, 1932.)

248

O. H. POLLARD and H. L. SPENCER for appellants.
W. L. KASH for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

L. Parrott owned a life estate in a tract of land in Breathitt county in which appellee, J. M. Walters, owned the remainder interest. The life tenant and remainderman had some negotiations relative to the sale by Parrott of the life estate in the land to Walters, and on November 2, 1922, Walters wrote the following letter to Parrott, who was living with his daughter at Tampa, Fla.:

"Keck, Ky., Nov. 2, 1922.

"Mr. L. Parrott,

"Dear Mr. Parrott:

"You will find enclosed check for $250.00 and note for $250.00 to be paid on or before twelve months from date you can sign a contract and send it to the First National Bank of Jackson, Ky. for it to hold till I pay the note off, but when you get this check you send me an order for possession the first of Jan. 1923. I have decided to take the place at the $500.00 as the house is running down very bad the el porch is almost rotten down and is damaging the house very bad. Money matters is very hard here now.

"Hoping this is satisfactory with you. Hoping to hear from you at once.

"Yours respectfully,     J. M. Walters."

The check and note were inclosed in the letter. The check bore this notation on its face: "For payment on his dowery." On November 20, 1922, Parrott executed a deed to Walters conveying to him his life estate in the land and forwarded the deed, note, and check to the First National Bank of Jackson, Ky. The check was not honored by the bank, but whether because of insufficient funds to meet it, or because Walters notified the bank not to pay it, the record does not disclose. At any rate, Walters repudiated the agreement, and on October 8, 1923, Parrott brought this suit for specific performance of the contract. He died shortly thereafter, and the suit was revived in the name of Ollie M.

Hamblin and Minerva Hagins, his children and only heirs at law.

Walters defended on two grounds: (1) There was no contract because the minds of the parties never met; (2) the contract being for the sale of land, there was not a sufficient memorandum in writing signed by the party sought to be charged. On a submission of the case the lower court entered a judgment dismissing plaintiffs' petition, and they have appealed.

There was clearly a meeting of the minds of the parties. Walters made an offer which was definite in its terms and Parrott's acceptance was unequivocal. He expressed assent to the terms of the offer in the manner requested by Walters and a binding contract resulted.

It is apparently appellee's theory that even if the minds of the parties met, the contract is unenforceable because the memorandum signed by Walters fails to describe the land sufficiently to identify it. Under our statute of frauds no action may be brought to charge any person upon any contract for the sale of real estate unless the contract, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. Kentucky Statutes, sec. 470, subsec. 7. It has been held in a long line of decisions that the party to be charged is the vendor of the real estate, and if the writing is signed by him and it is otherwise sufficient, it will be enforceable by either party. Klatch v. Simpson, 237 Ky. 84, 34 S. W. (2d) 951; Reeves v. Walker, 219 Ky. 615, 294 S. W. 183; Smith v. Ballou, 211 Ky. 281, 277 S. W. 286; Duteil v. Mullens, 192 Ky. 616, 234 S. W. 192, 20 A. L. R. 361; Kash v. United Star Oil Company, 192 Ky. 422, 233 S. W. 898; Armstrong v. Lyen, 148 Ky. 59, 145 S. W. 1120; Wren v. Cooksey, 147 Ky. 825, 145 S. W. 1116; Evans v. Stratton, 142 Ky. 615, 134 S. W. 1154, 34 L. R. A. (N. S.) 393; City of Murray v. Crawford, 138 Ky. 25, 127 S. W. 494, 28 L. R. A. (N. S.) 680; Campbell v. Preece, 133 Ky. 572, 118 S. W. 373; Tyler v. Onzts, 93 Ky. 331, 20 S. W. 256, 14 Ky. Law Rep. 321.

The deed signed by Parrott and delivered to the agent selected by Walters, the First National Bank of Jackson, Ky., described the land by metes and bounds. The description of the land in the deed was amply suf-

ficient to satisfy the statute of frauds. The contract was complete when Parrott complied with the terms of Walters' offer and executed the deed and mailed it to the bank at Jackson.

We conclude that the lower court erred in dismissing plaintiffs' petition and entering a judgment denying specific performance of the contract.

Judgment is reversed, with directions to enter a judgment in accordance herewith.