## W. B. STEPP et al., Appellants,

v.

## Martin STEPP et al., Appellees.

Court of Appeals of Kentucky.

March 16, 1956.

338

Simeon S. Willis, Ashland, Earl Cassady, Inez, for appellant.

Clyde L. Miller, Louisa, W. R. McCoy, Jr., Inez, J. K. Wells, Paintsville, for appellee.

SIMS, Judge.

On November 9, 1953, appellants, W. B. Stepp, and his six brothers and sisters, instituted this action against appellees, Martin Stepp and his wife, and the United Fuel Gas Company, to reform a deed their mother, Amy Stepp, (later Amy Stepp Pauley) had executed to Martin Stepp on November 13, 1924, conveying him 23¼ acres of land located in Martin County, subject to her life estate in the oil and gas. The ground for reformation alleged in the complaint was mutual mistake. After considerable proof was taken by depositions, the trial judge in a well-written opinion sustained appellee's plea that the action was barred by the statutes of limitation. KRS 413.120(12) and KRS 413.130(3). In his judgment dismissing the complaint it was recited the amount in controversy exceeded $2,500.

As the mother of the principal parties to this action was twice married, to avoid confusion we will refer to her by her given name, Amy.

It is the contention of appellants that: 1. the court erred in holding their action was barred by limitation; 2. the acceptance by Martin of the deed executed by Amy to her eight children on November 20, 1946, superseded the prior deed Amy executed to him on November 13, 1924, insofar as the oil and gas are involved.

In 1906 Amy's first husband (the father of her eight children) conveyed her 200 acres of land. Subsequently she acquired four other tracts, and on April 25, 1911, she and her first husband executed an oil and gas lease to appellee, United Fuel Gas Company, covering all her lands. After her husband's death and prior to her second marriage, Amy signed a contract on May 13, 1924, wherein she agreed to convey to her son, Martin, 23¼ acres in consideration of $50 an acre for the bottom land and $30 an acre for the hill land. This contract recited the deed to be executed would contain a reservation to Amy of the oil and gas for life and at her death it was to go to Martin.

On November 13, 1924, Amy executed the deed to Martin conveying him this 23¼ acres which was a part of the land that had been conveyed to her by her first husband. This deed to Martin contained this reservation: "Grantor reserves oil and gas rights during her natural life, but Grantee is to have gas for one dwelling so long as the lease on said property is in force." While Amy was an intelligent woman, she was illiterate and signed her name by making her mark.

On November 20, 1946, Amy and her second husband in consideration "of $1 and love and affection I have for my children" conveyed to her eight children (including Martin) the minerals in the five tracts of land she owned, describing the tracts only by reference to the deed in which each had been conveyed to her. No mention is made of the surface in this deed and it contains this reservation: "The grantor, Amy Stepp Pauley, reserves to herself the income, use and control of said property for and during her natural life, and at her death, said grantees herein named, if living, and if not, their children are to share and share alike in the said property and in the income therefrom."

Amy was in the possession of the minerals in the 23¼ acre tract until her death on August 4, 1948, and Martin was in possession of the surface thereof since 1924, therefore the statutes of limitation did not begin to run until appellants' right of action accrued upon Amy's death, since she had retained a life estate in the minerals conveyed her eight children. Hamblin v. Johnson, Ky., 254 S.W.2d 76. As stated at the outset of this opinion, the ground for reformation pleaded is mutual mistake upon the part of Amy and Martin when a life estate was reserved in the minerals in the deed she executed to him in 1924, it being alleged it was their intention at the time that Amy was reserving the minerals outright and not merely for life.

It is provided in KRS 413.120(12) an action for relief on the ground of fraud or mistake must be brought within five years.

But KRS 413.130(3) says the cause of action should not be deemed to have accrued until the discovery of the fraud or mistake; however, the action must be brought within ten years after the time of making the contract. As Amy died August 4, 1948, and as this action was not brought until November 9, 1953, the first five year period expired before suit was instituted. But appellants plead and attempt to prove the mistake could not have been discovered by reasonable diligence until Amy's death, since she reserved a life estate in the minerals, which fact extended the limitation to ten years after her death.

■ The deed Amy executed to Martin reserving to herself a life estate in the oil and gas in the 23¼ acre tract was dated November 13, 1924, and was recorded two days later. Martin's title to the oil and gas, subject to Amy's life estate, was of record almost thirty years before this action was instituted, and as was said in Elkhorn Coal Corporation v. Hite, 225 Ky. 735, 9 S.W.2d 1083, the slightest diligence by appellants would have revealed the truth concerning these minerals. It was further stated in the Hite opinion that where the facts constituting or showing the mistake appear from the records required by law to be kept, which are open to public inspection, appellants' ignorance of the mistake will not postpone the operation of the statute. Also see McCoy v. Arena, 295 Ky. 403, 174 S.W.2d 726.

We have no difficulty in reaching the conclusion the trial judge properly sustained Martin's plea that the action for reformation was barred by the statutes of limitation.

■ Appellants urge that the deed dated November 20, 1946, wherein Amy and her second husband conveyed to her eight children (including Martin) the minerals in the five tracts of land she owned was inconsistent with the deed she executed to Martin on November 13, 1924, for the 23¼ acres in which last mentioned deed she reserved to herself the oil and gas for life, and that Martin's acceptance of the deed of November 20, 1946, conveying him an ⅛ interest in the minerals in all of his mother's lands, amounted to a rescission of the 1924 deed by mutual consent of Martin and his mother, citing such cases as Hall v. Wright, 137 Ky. 39, 138 Ky. 71, 127 S.W. 516, Ann.Cas.1912A, 1255; Reeves v. Walker, 219 Ky. 615, 294 S.W. 183; Long v. Howard, 229 Ky. 369, 17 S.W.2d 207; Reid v. Reid, 230 Ky. 835, 20 S.W.2d 1015. These cases lay down the rule that where a vendee accepts a second deed inconsistent with one formerly made him, the second deed vacates and nullifies the first.

■ But this rule has no application here. In the first place, Amy had conveyed to Martin the 23¼ acres in 1924, reserving only a life estate in the oil and gas. Thus in 1946 when she attempted to convey to her eight children the minerals in all her lands, with a reservation to herself of a life estate therein, she had nothing to convey in this 23¼ acres. Amy could not pass title to this property by deed to her eight children because she had theretofore conveyed it to Martin.

■ In the second place the record is not clear that Martin ever accepted the 1946 deed knowing it attempted to convey to his brothers and sisters an interest in the minerals in his 23¼ acre tract. This 1946 deed conveyed the minerals in the five tracts which were described only by reference to the deed in which each tract had been conveyed to Amy. Martin could have with much reason believed the 23¼ tract his mother had conveyed him in 1924 was not included in the 1946 deed. This 1946 deed was put to record within two weeks after it was executed but there is no evidence that Martin actually accepted it knowing it included his 23¼ acre tract, except for the testimony of the other grantees. This testimony was objected to as being incompetent under KRS 421.210(2), since these grantees were in reality testifying for themselves against the estate of their deceased mother. These witnesses insisted they were not testifying for themselves but that each was testifying for the other grantees. However, a party cannot testify

in favor of a co-party where the interests of the co-parties are joined and so connected they all must succeed or fall together. Dunbar v. Meadows, 165 Ky. 275, 176 S.W. 1167; Brewer's Ex'r v. Smith, 242 Ky. 175, 45 S.W.2d 1036.

For the reasons given the judgment is affirmed.