**UNITED FUEL GAS COMPANY et al.,**
**Appellants,**

v.

**Vina PREECE et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 20, 1970.

J. K. Wells, Wells & Wells, Paintsville, W. R. McCoy, Inez, H. Raymond Andrews, Jr., Charleston, W. Va., for appellants.

Eugene C. Rice, Paintsville, for appellees.

STEPHEN P. WHITE, Jr., Special Commissioner.

This appeal is a companion to the case of Stepp v. Stepp, Ky., 288 S.W.2d 337 (1956), and reference is made to the first opinion for a full factual description of the origin of these cases. For purposes of the present appeal it is sufficient to state that this branch of the case began as a suit filed in 1960 by appellees, plaintiffs below, against United Fuel Gas Company and E. C. Ware seeking a mandatory injunction to compel the drilling of certain offset gas wells. Appellees' motion for summary judgment was filed November 30, 1960. There were no further proceedings in the trial court of any real substance for the next eight years. On December 18, 1968, the trial court entered an order and judgment, evidently sustaining the eight-year-old motion of appellees for summary judgment, directing appellant United Fuel Gas Company and its co-defendant E. C. Ware to drill one offset well. The record on this appeal shows that no prior notice was given of the trial court's action, no hearing held or evidence taken, the trial court's action being based upon the pleadings and one set of interrogatories answered by the appellees in 1960.

An appeal to this court was properly perfected by United Fuel Gas Company, but the record reflects no notice of appeal or other necessary action to perfect any appeal by its co-defendant E. C. Ware who, therefore, is not a party appellant here.

■ Appellant filed the record on appeal in this court May 13, 1969. On December 16, 1969, for the first time, appellees filed in the trial court below a copy of an alleged discovery deposition taken years ago by appellees from the original co-defendant E. C. Ware. No adequate explanation is offered by appellees as to why the original of this deposition was not filed before final judgment below, and appellant's attorneys state they never received notice of its taking and did not attend. Under the provisions of CR 26, CR 30, and CR 75.08 this court has sustained appellant's motion to strike this deposition from the record on appeal, and that deposition has not been considered as evidence on this appeal.

■ We are reversing the lower court's action in sustaining appellees' motion for summary judgment for the reason that the granting of this motion was premature. The record clearly indicates the existence of at least two "genuine issues of material fact" (CR 56.03) preventing the granting of this judgment. These are (1) disputed facts, the resolution of which will determine whether any offset well is required to be drilled, and (2) whether appellant United Fuel Gas Company has transferred its leasehold interest and is now only a purchaser of gas, without obligation regarding any offset wells.

We quote from Clay, Rules of Civil Procedure Annotated (1963):

"The party moving for a summary judgment has the burden of establishing that (1) no genuine issue as to any material fact exists and (2) he is entitled to judgment as a matter of law. All doubts must be resolved against him."

In the case of Rowland v. Miller's Adm'r, Ky., 307 S.W.2d 3 (1957), this court said:

"Moreover, since the burden of establishing the *nonexistence* of any genuine issue of fact is upon the moving party, all doubts are to be resolved against him. If the evidentiary material on the one side and the other are directly opposed, the case must go on trial (citing authorities) * * * It is not the purpose of the rule, as has been often declared, to cut litigants off from their right of trial by jury if they have issues to try. (citing authorities) * * * This Court is in accord (citing authorities) * * *".

See also the cases of Conley v. Hall, Ky., 395 S.W.2d 575 (1965) and Simmons Construction Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901 (1965).

The judgment of the trial court is reversed for proceedings consistent with this opinion.

All concur.