CASE 75—PETITION EQUITY—OCTOBER 22.

## Davezac v. Seiler.

APPEAL FROM KENTON CHANCERY COURT.

1. CONTRACTS—FAILURE OF CONSIDERATION.—Where each party to a contract agrees to perform certain things, the failure of either party to perform his part of the agreement is such a failure of consideration as releases the other from his obligation.

   In this action by a surety against his co-surety for contribution in which the defendant claims that he is released from obligation by reason of a writing executed to him by the plaintiff undertaking to indemnify him against loss on account of his suretyship, the consideration recited being that defendant had signed certain bonds as surety of a purchaser at judicial sale, in whose purchase plaintiff was interested, the plaintiff had the right to show that defendant had never signed the bonds as recited, and never offered to sign them, and no other consideration for the writing being shown the defendant is not released.

2. THE CHANCELLOR'S FINDING UPON A QUESTION OF FACT CAN NOT BE DISTURBED unless it is clearly against the weight of the evidence.

O'HARA & BRYAN FOR APPELLANT.

1. Where there are mutual and independent covenants, it is not performance of the thing covenanted to be done on the one side, but the covenant itself, which is the consideration of the covenant on the other side. In

Davezac v. Seiler.

such case the consideration can not have failed while the promise, which was the consideration, is valid and obligatory. (Sanders v. Beall's Adm'r, 4 Bibb, 343; Crawford v. Brand, 4 J. J. M., 187.)

2. The adequacy of the consideration can not be the subject of inquiry in such an action as this. It is only as against creditors and purchasers that an adequate consideration is necessary to be shown. (Chiles v. Coleman, 2 Mar., 299.)

3. A plea that no consideration passed from the plaintiff to the defendant presented an immaterial issue, as there may nevertheless have been a sufficient legal consideration. (Hook v. Hook, 3 J. J. M., 112.)

4. If a writing expressly acknowledge a consideration the obligor will not be permitted to deny by plea that there was a consideration, or to say there was one different from the one expressed, unless he alleges and proves fraud or mistake. (Thompson v. Buchanan, 2 J. J. M., 420; Kelley's Heirs v. Bradford, 3 Bibb, 319.)

HALLAM & MYERS OF COUNSEL ON SAME SIDE.

B. F. GRAZIANI & JAMES P. TARVIN FOR APPELLEE.

1. The rule that where the consideration in a contract consists of mutual promises of the parties, the party sought to be charged thereon can not be heard to say "no consideration" does not apply here, because it does not appear from the writing that this is a case of "mutual promises." Seiler, in the writing, agrees to hold Davezac harmless, but Davezac, in that writing, does not make any promises.

2. The rule relied on is subject to the exception that when the consideration is fully executed it may fail so far as to enable the party who received it to avoid the executory undertaking, which was induced by and founded upon it; and this case comes within the exception. (Crawford v. Beard, 4 J. J. Mar., 187.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant and appellee and others were the joint sureties of Louis Giesbauer to the Northern Bank of Kentucky for a large sum of money. Said bank also held a mortgage on a brewery, situated in Covington, Ky., belonging to Giesbauer, to additionally secure said indebtedness. Giesbauer having failed to pay all of said indebtedness at maturity, a suit was instituted by the bank against him and his sureties to recover personal judgment for the unpaid balance, and to enforce its mortgage lien on said brewery. The brewery was operated by the ap-

pellant and appellee as receivers until it was sold by the order of court to satisfy Giesbauer's indebtedness. At the commissioner's sale John Brenner bought it at the price of $66,096.00, and executed bonds for the price with the appellee as his surety, which bonds the commissioner making the sale accepted as a compliance with the condition of the judgment in that regard. The appellee and Brenner had, previously to the sale, agreed to buy said brewery and run it in co-partnership, and the purchase by Brenner was pursuant to that agreement; and the appellant, having gone on Brenner's bonds as surety for the price, was to accommodate matters in reference to the suretyship that the judgment required to be taken on the bonds. It turned out that the brewery did not sell for enough to pay said indebtedness, though it was thought, and so stated by one of the bank officers, that it did; and the bank thereafter recovered judgment against the appellee and another, not the appellant, for the balance. The appellee, having paid more than his proportion of this judgment, sued the appellant for contribution. The appellant made defense to the action upon the ground that the appellee had, for a valuable consideration, agreed, as far as the appellant was concerned, to assume the payment of all of said Giesbauer's indebtedness, and to indemnify the appellant against loss of any kind by reason of his being a co-surety on said notes. The answer sets up three considerations for this agreement, namely:

1. That appellee was to buy the brewery and the appellant was to assist in procuring the appellee an eligible partner.

Davezac v. Seiler.

2. That the appellee was not to bid on the property at the commissioner's sale.

3. That appellant was to surrender to the appellee certain bank stock that had been assigned to them by Giesbauer as collateral security.

The foregoing was, according to the answer, the only considerations for the agreement. The reply denied in toto the allegations of the answer. Upon that issue evidence was taken and heard pro and con. The appellee swearing, and being supported in whole or in part by disinterested witnesses, that no such agreement was ever made or contemplated by him. On the other hand the appellant swore, and was supported by other witnesses, that such was the agreement between the appellee and himself. So, upon the issue as presented by the pleadings, there was clear and positive proof to sustain either side, and the chancellor's judgment thereon can not be reversed by us because the issue, being purely a question of fact, the chancellor's judgment thereon can not be disturbed unless it is clearly against the weight of the evidence. It serves no good purpose to detail the evidence; the chancellor has done that in a full and clear opinion. It is sufficient to say that we can not say that his judgment, upon the issue formed by the pleadings, is against the weight of evidence.

But when the appellant gave his deposition he produced a writing signed by the appellee on the same day, but after, the bonds were executed for the price of the brewery and accepted by the commissioner making the sale, obligating the appellee, in consideration of the appellant's having signed the bonds as the surety of Brenner for the price of the brewery, "and for other good and

sufficient considerations," to indemnify the appellant against any loss on account of his being Giesbauer's surety. The only consideration expressed in said writing for the agreement is the signing of these bonds as one of the sureties of Brenner. The expression, "for other good and sufficient considerations," expresses no consideration; for, the consideration being traversed, the burden, so far as that expression is concerned, would be upon the plaintiff. Then the only consideration expressed in said writing for the agreement is, that the appellant had signed said bonds as the surety of Brenner. Now, this consideration is not that set up in the answer; it is wholly distinct from and additional to that set up in the answer; and the agreement set up in the answer, there being no allegation that it was in writing, must be considered as being verbal. But the question as to whether or not the writing can be introduced under the allegations of the answer, because of the variance between the allegations and proof, the answer being upon a verbal agreement and the agreement offered in evidence being in writing and not the same as the alleged agreement in the answer, may be waived, because that agreement was admitted in evidence and proof was heard pro and con. in reference to the consideration mentioned in the agreement, and the court held that there was no consideration. Now, the evidence is conclusive that the appellant never signed the bonds given by Brenner as his surety, and that the writing was signed by the appellant after Brenner had given the bonds to the commissioner with the appellee as surety, and the commissioner had accepted the same; also, the appellee swears that he was induced to sign the writing, the appellant being present, at the request of his lawyer,

Davezac v. Seiler.

who told him that it was a mere ·matter of form and he would not be bound upon it. A disinterested witness, who was present, corroborates in full the appellee. It is true the appellant and the attorney referred to contradict these statements; but the chancellor having passed upon the evidence we must let his judgment stand. The appellant says, however, that on the occasion of the signing of the bonds to the commissioner, he was there and ready to sign them; but he does not say that he tendered his services to sign them in accordance with the agreement, but he stood by and saw, without offering his services, a different arrangement made, which let him out of all liability on account of said matter, and left him, as to his obligation as one of the sureties of Giesbauer, precisely where he was before, and the appellee's condition in no wise bettered by any act or omission of his. So it would seem entirely unconscionable to allow him to profit by the loss of the appellee. But, be this as it may, it is a fact that the questions of fact in reference to these matters were decided by the chancellor, and his judgment must stand.

The only legal question urged by the appellant that we deem necessary to notice is, that the court could not hear evidence upon the question of " no consideration," because the consideration was a promise for a promise.· But it seems to us that the agreement, if made, is to·the effect that each party should perform certain things. And the failure of either party to perform his part of the agreement would be such a failure of consideration as would be available to the other party in an effort to get rid of his obligation; or, if one party had not in fact agreed etc., the plea of no consideration would lie.

The judgment is affirmed.