## Brown v. Pullins, et al.

(Decided January 26, 1911.)

### Appeal from Garrard Circuit Court.

Contracts—Conveyance of Land—Consideration the Care of Aged Aunt and Uncle—Failure to Perform—Abandonment of Contract.—Appellant entered into a contract with his aunt and uncle to care and provide for them during the remainder of their lives in consideration of their conveyance to him of two small tracts of land. He performed his contract for about three months, when he abandoned it and left the old couple. He sold a few acres off one tract, abandoned claim to the remainder and said that he had been well paid for his services. His aunt and uncle made a similar contract with appellee who performed it and upon their death appellant brought this action to recover the land and damages for withholding possession of it from him. Held, that the deed conveying him the land should be cancelled and the title of appellee quieted thereto.

J. E. ROBINSON and ROBERT H. CROOKE, for appellant.

R. H. TOMLINSON and WM. HERNDON, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On August 13, 1900, Irvin Brown and his wife, two people far advanced in years, entered into a contract with their nephew, Robert Brown, by the terms of which they agreed to convey to him two small tracts of land, one containing two and a fraction acres, lying in Madison county, Kentucky, and the other about twenty-nine acres, lying in Garrard county, Kentucky, in consideration of his boarding, comfortably clothing, and providing them with necessary fuel and treating them kindly during their lives; paying all necessary expenses for medical treatment while living and funeral expenses at death. After this contract was entered into, on request of Robert Brown the contract was put in the form of a deed, and duly executed and acknowledged by Irvin Brown and his wife, and recorded in the county court clerk's offices for Madison and Garrard counties. Both the contract and the deed contained a clause that, unless the

contract was faithfully and fully carried out it was to be of no binding force and effect. Under this agreement Robert moved in with his aged relatives and took possession of both tracts of land. Early in December of the same year, and after he had lived with them for something like three months, he moved away from their home, and from that time until their death rendered them no part of the services whatever called for by his contract. When he left, his uncle and aunt were in possession of both tracts of land, except some twelve and three-quarters acres of the Garrard county tract, the possession of which was retained by Robert; and this he afterwards sold without objection.

In a short time after he left their home, they entered into a contract, in all respects similar to the one which they had made with him, with Mrs. Clyde Pullins; and she and her husband moved into their home and undertook to and did care for this aged couple from that time until their death. When the contract was made with Mrs. Pullins, Mr. Brown was past eighty-four years of age. He lived for a few weeks, and at his death was comfortably and decently buried by Mrs. Pullins and her husband. Mrs. Brown lived about five years, and during all of this time they cared for her, so far as appears from the record, in all respects as the contract provided they should, and at her death they buried her decently and in order.

During the life of Mrs. Brown, the appellees had absolute and undisputed possession of the small tract of land in Madison county, and all that was left of the twenty-nine acre tract in Garrard county after the twelve and three-quarters acres had been sold off. Shortly after the death of Mrs. Brown, Robert Brown brought suit against Mrs. Pullins, in which he sought to recover these two tracts of land, and damages for withholding them from him. Mrs. Pullins denied his title and set up ownership in herself under the deed which she had received from Irvin Brown and his wife; and in addition, pleaded that Robert Brown, by reason of his conduct and statements made about the time that the deed was made by Irvin Brown to her, was estopped from denying her title and setting up claim to title in himself. On proof heard the Chancellor found in favor of Mrs. Pullins, and Robert Brown appeals and asks that he be adjudged the owner of the land under his deed.

The record shows that he took care of his aged uncle and aunt for about three months, and that when he

abandoned his contract he withheld from them twelve and three-quarters acres of land. This was evidently the result of a compromise between him and his uncle. It was certainly liberal compensation for the services which he had rendered up to that time, and inasmuch as his contract provided that, unless the services called for in the deed were fully and faithfully rendered, the contract should be null and void, and the deed necessarily inoperative, we are at a loss to understand upon what theory he rests his right to further compensation. The consideration for the conveyance was that he should care for his uncle and aunt in a proper and suitable manner during their lives, and bury them at death. His right to the title to this land depended upon his faithfully carrying out this agreement. He admits that he did not do so, and thus destroys his claim to title. This twelve and three-quarters acres he accepted as compensation for the services he had rendered, and from statements made to the surveyor at the time it was run off to him, and statements made to others of his friends and acquaintances at that time, it is very evident that he and his uncle had come to terms and agreed upon a cancellation of the trade. Upon no other hypothesis can their conduct in making the survey be explained. Appellant then had a deed to the entire tract, and if he was merely consenting to put his uncle in possession of a portion of this twenty-nine acre tract it was certainly not necessary to have it surveyed. On the other hand, if they had agreed that he was to have this twelve and three-quarters acres as compensation for services rendered, and surrender any claim to the remainder of the tract, then it was necessary that it should be surveyed in order to properly describe it. The evidence is conclusive that the appellant abandoned his contract, accepted the twelve and three-quarters acres in satisfaction of the services rendered, and surrendered all claim to the remainder of that tract of land and the other tract. As an evidence of this fact, he spoke of the land, after it had been conveyed to appellee, as Pullins' land, and said that he had been paid, and well paid, for the services rendered. He made no pretense whatever to ownership of either tract after the survey had been made at any time during the lives of his uncle and aunt, and the claim now set up and asserted by him is barren of all equities. While the title to the land is in him, the right to have him divested of it remained in Irvin Brown and his wife at all times during their lives after the contract was broken; and, under

their deed to appellee, their rights inure to her benefit.

The case of Martin v. Martin, 14 Rep., 769, relied upon by appellant, does not support his contention. There a father and mother conveyed a tract of land to their son, John, for a consideration much like that contained in this deed. John complied with the terms of his contract for about four years, and then quit and surrendered the deed to his father. Thereafter the father and mother made a like contract with another son, and this son kept them until their death. Then John sued for the land. The court held that, while he held the legal title, he was only entitled to a lien on the land for the reasonable value of his services while he carried out the contract, which the court fixed at $50 per year for four years.

This is exactly what appellant was entitled to, and no more. He was well paid by his uncle in the twelve and three-quarters acres of land for the services rendered, and has now no further claim upon the land. The chancellor correctly held that the deed conveying same to him by his uncle and aunt should be cancelled and Pullins' title thereto quieted.

Judgment affirmed.