## Reid et al. v. Reid.

(Decided October 11, 1929.)

836

DODD & DODD for appellants.

JOSEPH B. EVERHART, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The children of T. E. Reid have appealed from a judgment denying to them any interest in a house and lot in Louisville, Ky., described as No. 3513 Vermont street.

On August 4, 1924, T. E. Reid married Mrs. Lucinda Drake. Both had been married before, and each had children by their former marriages. T. E. Reid had five, and they are the appellants here.

T. E. Reid was then living in rented property. Mr. and Mrs. Reid began to look about for a permanent home; they found for sale the property in question. They purchased it. Mrs. Reid sold a rooming house she had and used her money in part payment on their new home, which was conveyed to them jointly on January 10, 1925. The proof is that these parties desired this property so conveyed; that it would belong to both of them so long as both should live and at the death of either the title should then vest in fee simple in the survivor. They were dissatisfied with the deed made them which had been recorded in Deed Book 1122, p. 288, and on November 18, 1925, they procured a second deed from their grantor, and this deed they had recorded, and it may be found in Deed Book 1180, at page 582. This deed recites that the grantor *"has granted, bargained and sold, and by these presents does grant, bargain, sell and convey unto the parties of the second part with covenant of general warranty, for their joint lives as tenants in common, with remainder in fee simple to the survivor of them."*

On September 8, 1928, T. E. Reid died intestate, leaving him surviving the five appellants, Thomas, Verna, Evelyn, Vera, and Darnell Reid as his only children and heirs at law. Mrs. Reid claimed the property in question as wholly hers under the second deed. The above-named children of T. E. Reid took the position that the second deed was a nullity and did not divest T. E. Reid of the half interest in this property, which he acquired under the first deed, and they claimed this half interest had passed to them under the laws of descent and distribution subject to Mrs. Reid's right of dower therein; so this litigation resulted.

The children of T. E. Reid stand in the shoes of their father; they are not purchasers or "third parties" in the ordinary sense of the latter expression. They merely take what their father left. No rights of creditors, innocent purchasers, or innocent third parties are

involved, and we are persuaded the correct rule under these circumstances, the parties being sui juris, is that stated in 18 C. J. p. 407: "As between the parties and persons with notice, a deed, although recorded, is vacated and annulled by the acceptance by the grantee of a subsequent inconsistent deed from the grantor." This statement is supported by Devlin on Real Estate, sec. 850C. Hall v. Wright, 137 Ky. 39, 127 S. W. 516, and Reeves v. Walker, 219 Ky. 616, 294 S. W. 183. These two opinions are discussed, explained, and adhered to in Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207.

Ordinarily a deed is wholly inoperative as a conveyance where the grantor has previously conveyed away his entire title. "Where the grantor has divested himself of title, although by mistake he has not conveyed the title in the way in which he intended, he cannot by a subsequent conveyance correct his mistake, there being no title remaining in him to convey, unless in a case where the conveyance has been rescinded or canceled by a mutual consent of the parties." 18 C. J. 218. A deed is an instrument of the most solemn character, yet, when the proper grounds are shown, equity will reform it so as to express the true intention of the parties.

The evidence in this case indicates the parties to it wanted the first deed so drawn as to vest the title to this property as it is vested by the second deed. As there were no intervening equities of creditors, purchasers, etc., equity could have reformed this deed. The parties agreeing can do for themselves all that equity could do for them. "Where there is no fraud and the rights of third persons have not intervened, and equity could have reformed the deed, it may be amended by a subsequent instrument so as to effectuate the intention of the parties." 18 C. J. p. 217.

This second deed makes no reference to the first one, but it concerns and describes the same property, and the result of its execution is thus stated in Black on Rescission of Contracts, sec. 530: "Where the parties to an existing contract enter into a new agreement, completely covering the same subject-matter, but containing terms, which are inconsistent with those of the earlier contract, so that the two cannot stand together, the effect is to supersede and rescind the earlier contract leaving the later agreement as the only agreement of the parties on the subject." See the numerous authorities there cited and those in the notes in 6 Ann. Cas. p. 315.

When this second deed was made Mr. and Mrs. Reid and their grantor were all sui juris and free to contract; the grantor made the second deed at the instance, request, and expense of Mr. and Mrs. Reid, and they accepted it and had it recorded. Mr. Reid did not then know whether he got a greater or lesser estate in the property by the second deed, neither did his wife or any one else; only the death of one of them could determine that. If in his lifetime Mr. Reid had sued to cancel the second deed and to substitute the first one for it, basing his suit solely on the fact that his grantor had made deed No. 1 and it had been recorded when deed No. 2 was made, it would have been held that by accepting and recording deed No. 2 he was estopped to claim under deed No. 1.

Mr. Reid's children merely take what he left, and they take it with all the embarrassments and limitations under which he held it, and, as he would have been estopped to claim under deed No. 1, so are his children. This is the philosophy underlying the decisions cited above, and also the decisions in Brown v. Pullins, 141 Ky. 774, 133 S. W. 755, and Martin v. Martin, 20 S. W. 375, 14 Ky. Law Rep. 769. The case of Martin et al. v. Martin, in 12 Ky. Ops. 283, is not applicable, as that was clearly a fraud upon Mrs. Martin's right of dower. Mrs. Martin had a vested right of dower which her husband attempted to defeat without her consent.

The opinion in Newbert v. Zeddin, 12 S. W. 332, 11 Ky. Law Rep. 636, is not authority to the contrary, as it appears in that case the second deed was made while the husband was sick and probably not in such mental condition as to fully understand what he was doing, and when he recovered and Mrs. Newbert undertook to reinvest him with the title to the one-half of the land which was his, under the first deed, Zeddin et al., by their undue influence over Mrs. Newbert, prevented her doing so. Moreover the first deed in the Newbert case was a deed by Stairs to both Mr. and Mrs. Newbert, while the second was a deed to Mrs. Newbert alone. The two contracts were not between the same parties.

T. E. Reid's children contend Mrs. Reid's petition was demurrable because she did not allege she was in possession. They cite and rely upon section 11, Ky. Stats., and the decisions under it, but this is not a suit to quiet title; it is a suit under section 639a1 of the Civil Code for a declaration of rights.

In deed No. 1, the habendum clause originally was: *"To have and to hold the hereinbefore described property unto said second parties and to the survivor of them."* Later the sheet was reinserted in the machine, the words "and to the survivor of them" were stricken, and the words, "their heirs and assigns forever with covenant of general warranty of title," were added, although a general warranty had already been written into an earlier part of the deed.

The children of T. E. Reid have seized on this and argue that the erasure of the words, "and to the survivor of them," in deed No. 1, shows it was never the intention of these parties to have this deed contain the survivorship feature. This erasure is some evidence some one did not want the survivorship feature in the deed, but the matter erased is also evidence some one else wanted it in there. Mr. Reid being dead Mrs. Reid is not a competent witness for herself on this question. See subsection 2 of section 606 of the Civil Code, and opinion in Combs v. Roark, 221 Ky. 679, 299 S. W. 576. The grantor in, and the scrivener of, deed No. 1 were under no such disqualification, and their testimony is that the grantees wanted the survivorship feature included.

However, our decision is not rested on the original intention of the parties, but upon this: All the parties to the original contract agreed upon a novation of it. This novation was rather irregularly accomplished, yet the grantees accepted deed No. 2 in lieu of No. 1; they recorded it and were satisfied with it. While both grantees lived, they or either of them would have been estopped to claim adversely to deed No. 2, and, T. E. Reid being dead, his children who take from him are estopped.

The judgment is affirmed.