JUAN LLOPIZ ET UX., Plaintiffs and Appellants, *v.* JUAN ARBURÚA GARCÍA, Defendant and Appellee.

No. 10404. Argued April 1, 1951.—Decided May 18, 1951.

*David Curet Cuevas* for appellants. *Mariano Acosta Velarde* and *Daniel Pellón Lafuente* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

It is substantially alleged in the amended complaint filed in this case that plaintiffs[1] are the owners in fee simple of a one-story house, built by them on a lot belonging to Juan Santos Medina and his wife, Petra Cordero; that the latter agreed to sell the lot to plaintiffs for the amount of $650; that in order to pay for it and to repair the house they made a loan secured by mortgage from defendant in the amount of $1,500 to be paid in two years; that on March

---

[1] Although the original complaint was filed exclusively in the name of Juan Llopiz, subsequently his wife was joined as party plaintiff.

12, 1948 they went to the office of Mr. José R. Seda to sign the proper documents, but contrary to the agreement they signed two separate deeds, by virtue of which the two above-mentioned properties were conveyed to defendant; that it was not until April 22, 1949 that they learned about the facts stated above when the Bureau of Permits of the Department of the Interior cancelled the permit granted them to repair their house, on the ground that defendant with a better title had obtained from the Bureau a similar permit; that they have never paid defendant any rent and that the latter made them believe at all times that it was a question of a mortgage deed; that the facts, as agreed by the parties and Mr. and Mrs. Santos, do not harmonize with the said deeds, and that the property rights of plaintiffs have been considerably affected by the contracts contained therein. They pray that judgment be rendered stating (1) that the said deeds are null and void; (2) that the properties described in the complaint belong exclusively to plaintiffs; and (3) that defendant has a mortgage on said properties amounting to $1,500, payable on March 12, 1950.

Defendant filed a motion to dismiss the complaint for facts insufficient to determine a cause of action for a declaratory judgment.

The lower court entered an order stating, among other things, that "If we examine the facts alleged, we find that they are insufficient to determine a cause of action for a declaratory judgment, because from the face of the complaint it clearly appears that plaintiff does not pray for an interpretation of a deed of sale between himself and defendant, but for this Court to order the nullity of the deeds recited in the complaint, as well as to determine that the properties described in said amended complaint belong exclusively to plaintiff, and furthermore that the court decree that Juan Arburúa García, defendant in this case, has a mortgage right in said property amounting to $1,500 and payable on March 12, 1950, that is, that said mortgage is already due."

The court *a quo* went on saying that there was no doubt that it was an extraordinary remedy, which has the privilege of being advanced in the calendar, and that in order to reach a conclusion and to grant the request a plenary suit was required, in which all the facts and the merits of the case would be inquired into before determining or declaring the nullity or nonexistence of the contracts; and that "there is no doubt that this is an ordinary action which plaintiff has according to law, which does not fall within the provisions of the Uniform Declaratory Judgment Law, for which reason this Court should not exercise its discretion in declaring itself with jurisdiction in this case." Based on this reasoning the court granted the motion to dismiss, and entered judgment for defendants with costs on plaintiffs. Reconsideration having been denied, plaintiffs prayed that judgment be entered, which the lower court did on September 28 of last year.

On appeal plaintiffs allege only that the lower court erred "in dismissing the complaint on the ground that the facts therein related were not amenable to an action for a declaratory judgment, but to an ordinary action for Nullity of Deeds."

Act No. 47 of April 25, 1931 (Sess. Laws, p. 378) "Relative to Judgments and Declaratory Decrees and Making Legislation on the Subject Uniform . . . " provides:

"Section 1.— (*Scope*)—In their respective jurisdictions district courts shall have authority to declare rights, statuses * and other judicial relations although other remedies are or may be sought. . . .

"Section 2.— (*Power to construe, etc.*).—Every person interested in a deed, will, written contract or other document constituting a contract, . . . may obtain a determination of any difference in regard to the . . . validity of said . . . contract . . . and also a declaration of the rights, status or other judicial relations derived therefrom."

---

\* In the Act it is incorrectly printed "statutes."

"Section 9.—(*Issues of fact*)—When in any proceeding prosecuted under this Act, there is involved the determination of an issue of fact, the manner issues of fact are considered and decided in such issue may be considered and decided in other civil suits in the court taking cognizance of the action."

"Section 12.—(*Construction*)—Because of its nature, this Act is a law of remedies, its purpose being to authorize the determination of rights, statuses and other judicial relations and to allow remedies against doubt or uncertainty of such rights, statuses and other judicial relations; and it shall be liberally construed and applied."

Rule 57 of the Rules of Civil Procedure provides, on the other hand, that "The procedure for obtaining a declaratory judgment pursuant to Act No. 47, approved April 25, 1931, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

Were the facts alleged in the amended complaint fit to be argued within the proceeding provided by law for declaratory judgments and decrees? This is the sole question to be determined in this appeal. As we have seen, both under § 1 of Act No. 47, *supra,* and under Rule 57 of the Rules of Civil Procedure, the existence of another adequate remedy does not preclude a judgment for a declaratory relief where it is proper. Consequently, the fact that plaintiffs could have brought an ordinary action for the annulment of deeds and other relief, is no reason for the court *a quo* to dismiss the complaint. Nor the fact that due to the allegations in the complaint, it was necessary to determine certain issues of fact. See § 9, *supra.* As pointed out by Borchard in his work on Declaratory Judgments, second edition, 1941, p. 393: "On numerous occasions courts have remarked that *the complexity of the facts presents no reason for declining a declaratory judgment,*" condemning the dictum which appears in *Loomis Fruit Growers Ass'n* v. *California Fruit*

*Exchange*, 128 Cal. App. 265, 281, 16 P. 2d 1040, 1046, to the effect that "the declaratory judgment can only be invoked to declare rights and not to . . . try issues." (Italics ours.) See also *Aetna Life Insurance Co.* v. *Haworth*, 300 U. S. 227, 242.

Our own statute, as we have seen, authorizes district courts "to declare rights, statuses, and other judicial relations." It also authorizes every person interested in a deed or written contract to obtain a determination of any difference in regard to the validity of said documents, as well as a declaration of the rights, status, or other judicial relations derived therefrom. It allows also remedies against doubt or uncertainty of such rights, statuses, and other judicial relations; and provides conclusively that it shall be liberally construed and applied. See Sections already cited.

In the case at bar plaintiffs allege to be the owners of a one-story house built on another's lot, to have agreed on the purchase of the lot with their owners, and that in order to purchase it and to repair its house they contracted a loan from defendant. They also allege that instead of executing the corresponding deeds of sale of the lot and of the loan and mortgage, two deeds of sale were executed in favor of defendant. Notwithstanding the existence of an ordinary remedy in their favor, plaintiffs, as interested parties in the two deeds we have repeatedly referred to, are entitled to obtain within the proceeding of declaratory decree a determination on the validity of said deeds and on all other questions raised in their complaint.

As Borchard says in his work already cited, on p. 514, "A declaration of the nullity of an instrument is one of the oldest forms of declaratory judgment, known to practically all systems of law independently of the general action for a declaration of rights . . . The request for such a declaration is usually made to escape the consequences of legality or validity and, where the plaintiff asks a declaration of the invalidity of his own contract, is a speedy method of

bringing about a release from ostensible obligations." See also pp. 145 and 568 of the same work as well as 16 Am. Jur., p. 314, § 38; and *Reid* v. *Reid*, 230 *Kentucky* 835, 20 S. W. 2d 1015. Thus, plaintiffs were entitled to a determination, within the proceeding of declaratory decree, of the validity of the above-mentioned deeds, and all other issues raised.

The judgment appealed from will be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.