JUAN LLOPIZ y MARÍA SOCORRO VENEGAS, demandantes y apelantes *v.* JUAN ARBURÚA GARCÍA, demandado y apelado.

Núm. 10404.—*Sometido:* Abril 1, 1951. *Resuelto:* Mayo 18, 1951.

*David Curet Cuevas,* abogado de los apelantes; *Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En la demanda enmendada radicada en este caso se alega sustancialmente que los demandantes[1] son dueños en pleno dominio de una casa terrera, construída por ellos en un solar perteneciente a Juan Santos Medina y a su esposa Petra Cordero, quienes acordaron venderles el mismo por la suma de $650, y para pagar el precio del solar y hacerle reparaciones a la casa ellos tomaron del demandado, a título de préstamo con garantía hipotecaria, la suma de $1,500, para ser pagada dentro del término de dos años; que en 12 de marzo de 1948 se personaron en la oficina del Lic. José R. Seda para otorgar la documentación pertinente, pero que contrario a lo convenido se firmaron dos escrituras separadas, a virtud de las cuales quedaron traspasadas al demandado las dos propiedades mencionadas; que no fué hasta el 22 de abril de 1949 que se enteraron de lo anteriormente relacionado, al cancelarles el Negociado de Permisos del Departamento del Interior un permiso concedídoles para reparar la casa, fundado dicho Negociado en que el demandado había obtenido con mejor título un permiso similar; que ellos nunca han pagado renta al demandado y que éste siempre les hizo creer que se trataba de una escritura de hipoteca; que la situación de hechos tal y como se convino por las partes litigantes y los esposos Santos-Cordero no armoniza con las indicadas escrituras y que los derechos de propiedad de los demandantes han sido afectados considerablemente por los contratos en ellas contenidos. Solicitan se dicte sentencia declarando (1) que las referidas escrituras son nulas y carecen de efecto legal alguno; (2) que las propiedades descritas en la demanda son de la exclusiva propiedad de los demandantes; y (3) que el demandado tiene una hipoteca sobre dichas propiedades, ascendente a la suma de $1,500, pagadera el 12 de marzo de 1950.

---

[1] Aunque la demanda original se inició exclusivamente a nombre de Juan Llopiz, posteriormente se incluyó a su esposa como parte demandante.

A esa demanda interpuso el demandado una moción para desestimar por no determinar los hechos en ella alegados una causa de acción sobre decreto declaratorio.

El tribunal inferior dictó resolución, en la que hizo constar, entre otras cosas, que "Si analizamos los hechos alegados en este caso, encontramos que los mismos no son determinantes de una causa de acción sobre sentencia declaratoria, porque de la faz de la demanda aparece, de una manera clara, que el demandante lo que solicita no es la interpretación de un contrato de compraventa entre él y el demandado, sino que solicita que este Tribunal decrete la nulidad de las escrituras relacionadas en la demanda, así como que determine que las propiedades descritas en dicha demanda enmendada son propiedad exclusiva del demandante, y además que la corte decrete que el demandado en este caso, Juan Arburúa García, tiene un derecho de hipoteca sobre dichas propiedades ascendente a la suma de $1,500 y pagadero el 12 de marzo de 1950, o sea que dicha hipoteca está ya vencida." Continuó manifestando el tribunal a quo que no había la menor duda de que se trataba de una acción extraordinaria, que tiene el privilegio de poder ser adelantada en el calendario, y que para poder llegar a una conclusión y acceder a lo solicitado era necesario celebrar un juicio plenario en donde se investigaran todos los hechos y todos los aspectos de los mismos para poder determinar y declarar la nulidad e inexistencia de los contratos; y que "no cabe la menor duda de que ésta es una acción ordinaria que tiene el demandante de acuerdo con la ley, que no cae dentro de las disposiciones de la Ley Sobre Sentencias Declaratorias, por lo que este Tribunal no debe ejercitar su discreción tomando jurisdicción en este caso". Basado en esos razonamientos declaró con lugar la moción de desestimación y sin lugar la demanda, con costas a los demandantes. Habiéndose denegado la reconsideración interesada, los demandantes solicitaron se dictara sentencia y el tribunal inferior así lo hizo en 28 de septiembre del pasado año.

534

En apelación los demandantes sostienen meramente que el tribunal inferior erró "al desestimar la demanda por el fundamento de que los hechos allí relacionados no eran objeto de un recurso sobre sentencia declaratoria y que debía acudirse al remedio ordinario sobre Nulidad de Escrituras."

 La Ley núm. 47 de 25 de abril de 1931 (pág. 379) "Relativa a Sentencias y Decretos Declaratorios y para hacer uniforme la legislación sobre la materia, . . . . ." provee:

"Sección 1.—(*Alcance*)—Las cortes de distrito tendrán autoridad, en sus respectivas jurisdicciones, para declarar derechos, estados y otras relaciones jurídicas, aunque se inste o pueda instarse otro remedio. . . . .

"Sección 2.—(*Facultad de interpretación, etc.*)—Toda persona interesada en una escritura, testamento, contrato escrito, u otros documentos constitutivos de contratos, . . . podrá obtener la determinación de cualquier divergencia acerca de la . . . validez de dichos . . . contratos . . . y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven.

"Sección 9.—(*Cuestiones de hecho*).—Cuando (en) un procedimiento seguido al amparo de esta Ley esté envuelta la determinación de un hecho (*issue of fact*), la misma podrá ser considerada y resuelta en igual forma en que se consideran y resuelven las cuestiones de hecho en otros pleitos civiles ante la corte que conozca el procedimiento.

"Sección 12.—(*Interpretación*).—La presente, por su naturaleza, es una ley de remedios; y su propósito el de autorizar la determinación de derechos, estados, y otras relaciones jurídicas, y conceder remedios contra la incertidumbre o inseguridad de tales derechos, estados y otras relaciones jurídicas; y deberá ser liberalmente interpretada y aplicada."

Dispone por otra parte la Regla 57 de las de Enjuiciamiento Civil que "El procedimiento para obtener una sentencia declaratoria, autorizado por la Ley núm. 47 aprobada el 25 de abril de 1931, será de acuerdo con estas Reglas. La existencia de otro remedio adecuado no impedirá que se dicte una sentencia declaratoria en casos apropiados. La

corte podrá ordenar una vista rápida en una acción para sentencia declaratoria, así como adelantarla en el calendario."

¿Eran los hechos alegados en la demanda enmendada apropiados para ser ventilados dentro del procedimiento provisto por la Ley sobre Sentencias y Decretos Declaratorios? Ésa es la única cuestión a ser determinada en este recurso. Como se ha visto, tanto bajo la sección 1 de la Ley núm. 47, supra, como bajo la Regla 57 de las de Enjuiciamiento Civil, la existencia de otro remedio adecuado no es óbice para que se dicte una sentencia declaratoria en casos apropiados. En su consecuencia, el hecho de que los demandantes hubieran podido iniciar una acción ordinaria sobre nulidad de escrituras y otros extremos, no debió ser motivo para que el tribunal a quo desestimara la demanda. Tampoco debió serlo el hecho de que dadas las alegaciones de la misma fuera necesario determinar ciertas cuestiones de hechos. Véase la sección 9, supra. Conforme indica el tratadista Borchard, en su obra sobre Sentencias Declaratorias, segunda edición, 1941, pág. 393: "En numerosas ocasiones las cortes han hecho la observación de que *la complejidad de los hechos no constituye razón alguna para que se deniegue un decreto declaratorio*," censurando el *dictum* que aparece en el caso de *Loomis Fruit Growers' Ass'n* v. *California Fruit Exchange*, 128 Cal. App. 265, 281, 16 P.2d 1040, 1046, al efecto de que "el procedimiento de sentencia declaratoria sólo puede ser invocado para declarar derechos y no para . . . . juzgar controversias dirimibles." (Bastardillas nuestras.) Véase también *Aetna Life Insurance Co.* v. *Haworth*, 300 U.S. 227, 242.

Nuestro propio estatuto, conforme hemos visto, autoriza a las cortes de distrito "para declarar derechos, estados y otras relaciones jurídicas". También autoriza a toda persona interesada en una escritura o contrato escrito a obtener la determinación de cualquier divergencia acerca de la validez de dichos documentos, así como que se dicte una

declaración sobre los derechos, estados y demás relaciones jurídicas que de aquéllos se deriven. Concede, asimismo, remedios contra la incertidumbre o inseguridad de tales derechos, estados y demás relaciones jurídicas; y dispone de manera terminante que deberá ser liberalmente interpretada y aplicada. Véanse las secciones ya citadas.

En el caso de autos los demandantes alegan ser dueños de una casa terrera construída en suelo ajeno, haber convenido en la compraventa del solar con los dueños de éste y que para adquirir el mismo y reparar su casa concertaron un préstamo con el demandado. También, que en vez de otorgarse las correspondientes escrituras de compraventa del solar y de préstamo e hipoteca se otorgaron dos escrituras de compraventa a favor del demandado. No obstante la existencia de un remedio ordinario a su favor, los demandantes, como partes interesadas en las dos escrituras a que tantas veces nos hemos referido, tienen derecho a obtener dentro del procedimiento de decreto declaratorio una determinación sobre la validez de las mismas y sobre las demás cuestiones suscitadas en su demanda.

Según indica el tratadista Borchard en su obra ya citada, a la pág. 514, "La declaración de nulidad de un documento es una de las formas más antiguas de sentencia declaratoria, conocida prácticamente por todos los sistemas de derecho independientemente de la acción ordinaria sobre declaración de derechos. . . La solicitud de tal declaración se hace de ordinario para evadir las consecuencias de la legalidad o validez del documento y cuando el demandante solicita que un contrato por él celebrado sea declarado nulo lo que hace es tratar de obtener que se le releve de obligaciones ostensibles". Véanse también las págs. 145 y 568 de la misma obra, así como 16 Am. Jur., pág. 314, sección 38; y *Reid* v. *Reid*, 230 Ky. 835, 20 S.W.2d 1015. Así pues, los demandantes tenían derecho a que dentro del pro-

cedimiento de decreto declaratorio se ventilara la nulidad de las escrituras a que tantas veces hemos aludido y las otras cuestiones por ellos planteadas.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal inferior para ulteriores procedimientos consistentes con esta opinión.*