Juan Llópiz y María Socorro Venegas, demandantes y apelantes, *v.* Juan Arburúa García, Juan Santos Medina y Petra Cordero, demandados y apelados.

Número 10926.

*Sometido:* 3 de diciembre de 1953. *Resuelto:* 10 de marzo de 1954.

*David Curet Cuevas,* abogado de los apelantes; *Daniel Pellón Lafuente,* abogado de los apelados.

*Per Curiam:* La Sala de San Juan del Tribunal Superior declaró con lugar una moción de desestimación de una demanda enmendada en una acción de sentencia declaratoria, basándose en que la demanda enmendada no aducía hechos suficientes para constituir una reclamación válida. El tribunal concedió a los demandantes un término de diez días

para enmendar la demanda, pero los demandantes solicitaron que se dictase sentencia en su contra, y han apelado ante este Tribunal de la sentencia así dictada, alegando ante nos que la demanda enmendada es suficiente.

■■■ La suficiencia de una demanda enmendada, anterior a la envuelta en este recurso, ya había sido sometida a la consideración de este Tribunal y hemos resuelto que los hechos alegados en tal demanda enmendada eran suficientes para constituir una reclamación válida de sentencia declaratoria. *Llópiz* v. *Arburúa*, 72 D.P.R. 531. La nueva demanda enmendada envuelta en este recurso de apelación es sustancialmente idéntica a la que fué sostenida en el caso citado, en cuanto a los hechos en ella alegados. Independientemente del hecho de que el dictamen anterior de este Tribunal debe constituir la ley del caso para el tribunal a quo, hemos examinado de nuevo la cuestión y llegamos a la conclusión de que la demanda enmendada es suficiente, por lo que la sentencia del Tribunal de San Juan debe ser revocada.

La demanda enmendada que ahora tenemos ante nos es confusa y no sirve de modelo para la redacción adecuada de una demanda, pero, dentro de un marco de liberalidad, ella aduce hechos suficientes para constituir una reclamación válida de sentencia declaratoria, y sirve de base adecuada para que el caso se resuelva en sus méritos de acuerdo con la prueba que se presente. En esa demanda enmendada que estamos ahora considerando, se expone que los demandantes son dueños de un edificio en Santurce, enclavado sobre un solar perteneciente a los esposos Juan Santos Medina y Petra Cordero de Santos. Se sigue alegando lo siguiente en la demanda enmendada:

".          .          .          .          .          .          .          .

"(3) Que con los primeros días del mes de marzo de 1948 convinieron los demandantes con don Juan Santos Medina y doña Petra Cordero de Santos, convinieron la enajenación del antes descrito solar que pertenecía a dicho matrimonio y al efecto,

dicho matrimonio lo vendió, o cuando menos intentó venderle a los demandantes el referido solar.

"(4) Que para pagar el precio de venta del solar, convenido en $650, y para levantar fondos para la reparación de la casa descrita en el párrafo primero anterior, los demandantes tomaron del demandado Juan Arburúa García, a título de préstamo la suma de $1,500 a pagarse dos años después de dicha fecha.

"(5) Que materializado el convenio en virtud del cual se transfería el solar mencionado a los demandantes y éstos a su vez lo hipotecaron al demandado Juan Arburúa García, el 12 de marzo de 1948 se personaron a la oficina del Lic. José R. Seda, para que otorgara la documentación pertinente a los fines ya señalados, pero que contrario a lo convenido se firmaron dos escrituras separadas con el número ocho en virtud de la cual se traspasaba al demandado y la número nueve en virtud de la cual los demandantes traspasaban al demandado Juan Arburúa García, la casa descrita en el antecedente primero.

"(6) Que no fué hasta abril 22 de 1949 que los demandantes se enteraron de todo lo anteriormente relacionado en los párrafos quinto anterior, cuando el Negociado de Permiso del Departamento de lo Interior, le canceló un permiso de reparación por el fundamento de que el demandado había obtenido con mejor título un permiso similar.

"(7) Que los demandantes nunca han pagado rentas al demandado Juan Arburúa García, y que siempre les hizo creer por el demandado que se trataba de una escritura de hipoteca que se cancelaría una vez transcurrido el plazo de dos años fijado por las partes.

"(8) Que la situación de hechos tal y como se convino por las partes aquí litigantes y los esposos Santos–Cordero, contrasta con la escritura ya mencionada, y que los derechos propietarios de los demandantes han sido afectados considerablemente por los contratos contenidos en dicha escritura, por lo que se hace necesaria una declaración en este Tribunal clarificando toda esta situación.

"POR LO QUE RESPETUOSAMENTE SUPLICAN:

"Que se dicte sentencia declarando con lugar esta demanda y que contenga los siguientes pronunciamientos:

"1. Que las escrituras 8 y 9 de 12 de marzo de 1948, ante don José R. Seda, son nulas y carecen de efecto legal alguno;

"2. Que las propiedades descritas en los párrafos primero y segundo de esta demanda, son de la exclusiva propiedad de los demandantes;

"3. Que el demandado Juan Arburúa García, tiene un derecho de hipoteca sobre dichas propiedades ascendente a la suma de $1,500 y pagaderas (sic) el 12 de marzo de 1950."

La anterior demanda enmendada envuelta en el caso citado de *Llópiz* v. *Arburúa*, supra, fué interpretada por este Tribunal como exponiendo los siguientes hechos:

"En la demanda enmendada radicada en este caso se alega sustancialmente que los demandantes (1) son dueños en pleno dominio de una casa terrera, construída por ellos en un solar perteneciente a Juan Santos Medina y a su esposa Petra Cordero, quienes acordaron venderles el mismo por la suma de $650, y para pagar el precio del solar y hacerle reparaciones a la casa ellos tomaron del demandado, a título de préstamo con garantía hipotecaria, la suma de $1,500, para ser pagada dentro del término de dos años; que en 12 de marzo de 1948 se personaron en la oficina del Lic. José R. Seda para otorgar la documentación pertinente, pero que contrario a lo convenido se firmaron dos escrituras separadas, a virtud de las cuales quedaron traspasadas al demandado las dos propiedades mencionadas; que no fué hasta el 22 de abril de 1949 que se enteraron de lo anteriormente relacionado, al cancelarles el Negociado de Permisos del Departamento del Interior un permiso concedídoles para reparar la casa, fundado dicho Negociado en que el demandado había obtenido con mejor título un permiso similar; que ellos nunca han pagado renta al demandado y que éste siempre les hizo creer que se trataba de una escritura de hipoteca; que la situación de hechos tal y como se convino por las partes litigantes y los esposos Santos–Cordero no armoniza con las indicadas escrituras y que los derechos de propiedad de los demandantes han sido afectados considerablemente por los contratos en ellas contenidos. Solicitan se dicte sentencia declarando (1) que las referidas escrituras son nulas y carecen de efecto legal alguno: (2) que las propiedades descritas en la demanda son de la exclusiva propiedad de los demandantes; y (3) que el demandado tiene una hipoteca sobre dichas propiedades, ascendente a la suma de $1,500, pagadera el 12 de marzo de 1950."

Puede verse que, sustancialmente, las mismas alegaciones sobre los hechos planteados en el caso citado son las que se exponen en la demanda enmendada ante nos. En cuanto a tales alegaciones, este Tribunal resolvió lo siguiente:

"En el caso de autos los demandantes alegan ser dueños de una casa terrera construída en suelo ajeno, haber convenido en la compraventa del solar con los dueños de éste y que para adquirir el mismo y reparar su casa concertaron un préstamo con el demandado. También, que en vez de otorgarse las correspondientes escrituras de compraventa del solar y de préstamo e hipoteca se otorgaron dos escrituras de compraventa a favor del demandado. No obstante la existencia de un remedio ordinario a su favor, los demandantes, como partes interesadas en las dos escrituras a que tantas veces nos hemos referido, tienen derecho a obtener dentro del procedimiento de decreto declaratorio una determinación sobre la validez de las mismas y sobre las demás cuestiones suscitadas en su demanda."

La demanda enmendada aquí envuelta es suficiente, en virtud de lo resuelto en el caso citado. Pero conviene señalar lo que resolvió el tribunal a quo en el caso de autos. Indicó lo siguiente:

"Atendiendo a la forma como aparecen redactadas las alegaciones, especialmente las siguientes:

" 'Que en los primeros días del mes de marzo de 1948, convinieron los demandantes con don Juan Santos Medina y doña Petra Cordero de Santos, convinieron la enajenación del antes descrito solar que pertenecía a dicho matrimonio y al efecto, dicho matrimonio *lo vendió, o cuando menos intentó venderle a los demandantes el referido solar.'*

" 'Que materializado el convenio en virtud del cual se transfería el solar mencionado a los demandantes y éstos a su vez lo hipotecaron al demandado Juan Arburúa García, el 12 de marzo de 1948 se personaron a la oficina del Lic. José R. Seda, para otorgar la documentación perteneciente a los fines ya señalados, pero que contrario a lo convenido se firmaron dos escrituras separadas con el número ocho en virtud de la cual se traspasaba al demandado y la número nueve en virtud de la cual los demandantes traspasaban al demandado, Juan Arburúa García, la casa descrita en el antecedente primero.'

"A las Reglas de Enjuiciamiento Civil que requieren una clara exposición de los hechos, y a la resolución de 17 de diciembre de 1952 del Tribunal concediendo un término de diez (10) días para enmendar la demanda, que el demandante se niega a enmendar, el tribunal accede a lo solicitado por el demandante y dicta sentencia desestimando la demanda en todas sus partes, con costas y honorarios de abogado a los demandantes."

El Tribunal a quo aparentemente fué de opinión que en uno de los párrafos de la demanda enmendada se omiten palabras, quedando trunca la alegación. En su alegato, los demandantes y apelantes sostienen que en la vista de la moción de desestimación ellos, con el permiso del tribunal, enmendaron ese párrafo para incluir las palabras omitidas. Ello, aparentemente, es cierto, ya que en la demanda enmendada que obra en autos incluída en el legajo de sentencia certificado por la secretaria del tribunal a quo, tal párrafo aparece completo, según lo hemos transcrito al reproducir las alegaciones de la demanda enmendada. La totalidad de esas alegaciones han sido ya sostenidas, en cuanto a su suficiencia, por este Tribunal, en forma legalmente correcta.

*Debe revocarse la sentencia apelada, y devolverse el caso a la Sala de San Juan del Tribunal para que allí se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*

---

### EN RECONSIDERACION
10 de mayo de 1954

El Juez Asociado Señor Ortiz emitió la opinión del tribunal.

El 10 de marzo del año en curso dictamos sentencia en este caso revocando una dictada por la Sala de San Juan del Tribunal Superior, y devolviendo el caso a ese tribunal para que allí se siguiesen procedimientos. Nuestra sentencia se basó en una opinión *Per Curiam* que emitimos en que resolvimos que la demanda enmendada ante nos aducía hechos suficientes para constituir una reclamación válida. La parte deman-

dada solicita de nosotros que reconsideremos nuestra senten-
cia. Tiene razón la parte demandada.

█ Como ya hemos visto, la controversia ante nos se re-
fiere a la suficiencia de una demanda enmendada. Tal como
esa demanda enmendada aparecía en los autos en este Tribu-
nal cuando dictamos la sentencia ya mencionada, los deman-
dantes alegaban que los demandantes son dueños de una casa
enclavada en un solar perteneciente a los esposos Juan Santos
Medina y Petra Cordero de Santos; que en los primeros días
del mes de marzo de 1948 convinieron los demandantes con
Santos Medina y su esposa, en la enajenación del solar a los
demandantes y que "al efecto dicho matrimonio lo vendió, o
cuando menos, intentó venderle a los demandantes el referido
solar"; que para levantar fondos para la reparación de la
casa y la compra del solar, los demandantes tomaron del de-
mandado Juan Arburúa García, a título de préstamo, la suma
de $1,500. Se alega entonces lo siguiente, según la demanda
enmendada en los autos de este Tribunal cuando dictamos la
sentencia que ahora estamos reconsiderando:

"5. Que materializado el convenio en virtud del cual se trans-
fería el solar mencionado a los ·demandantes y éstos a su vez lo
hipotecaron al demandado Juan Arburúa García el 12 de marzo
de 1948, se personaron a la oficina del Lic. José R. Seda para
otorgar la documentación pertinente a los fines ya señalados,
pero que contrario a lo convenido se firmaron dos escrituras se-
paradas con el número ocho en virtud de la cual *se traspasaba* al
demandado y la número nueve en virtud de la cual los demandan-
dantes traspasaban al demandado Juan Arburúa García la casa
descrita en el antecedente primero." (Bastardillas nuestras.)

El tribunal de San Juan había resuelto que la demanda
era insuficiente debido, en parte, a que el párrafo 5 arriba
transcrito carecía de sentido y significación por estar en
blanco el espacio entre "en virtud de la cual", y "al deman-
dado", (cuyo espacio en blanco aparecía suplido en la de-
manda enmendada anteriormente ante nos por la frase "se
traspasaba".) A su moción de reconsideración la parte de-

mandada acompaña una certificación de la Secretaria de la Sala de San Juan del Tribunal Superior al efecto de que el párrafo (5) de la demanda enmendada que obra en los autos de esa Sala y que le sirvió de base al dictamen del Tribunal de San Juan, lee de la siguiente manera:

"5. Que materializado el convenio en virtud del cual se transfería el solar mencionado a los demandantes y estos a su vez lo hipotecaron al demandado Juan Arburúa García el 12 de marzo de 1948, se personaron a la oficina del Lic. José R. Seda para otorgar la documentación pertinente a los fines ya señalados, pero que contrario a lo convenido se firmaron dos escrituras separadas con el número ocho en virtud de la cual se

al demandado y la número nueve en virtud de la cual los demandantes traspasaban al demandado Juan Arburúa García la casa descrita en el antecedente primero."

En su certificación la Secretaria de la Sala de San Juan del Tribunal Superior hace constar "que la que antecede es una copia fiel y exacta de su original que obra unida a los autos del caso que están en el archivo bajo mi custodia *y los blancos que aparecen no han sido llenados*." (Bastardillas nuestras.)

Estamos convencidos de que la versión auténtica de la demanda enmendada es la que certifica la Secretaria de la Sala de San Juan del Tribunal Superior, en la certificación que se acompaña a la moción de reconsideración, esto es, que hay un espacio en blanco en el párrafo quinto de la demanda enmendada. En vista de esa realidad, fué correcto el dictamen del tribunal a quo al efecto de que, en vista de ese espacio en blanco, la demanda enmendada carece de sentido y significación, hasta el punto de que no aduce hechos suficientes para constituir una reclamación válida. Por lo tanto, la sentencia debe ser confirmada, e incurrimos en error al resolver originalmente que la sentencia debería ser revocada. Ese error nuestro fué inducido por el hecho de que, en la demanda enmendada unida originalmente a los autos en apelación, el espacio en blanco aparece llenado por la frase "se traspasaba".

No podemos pasar por alto o ignorar esta situación en que se induce a error a este Tribunal mediante la intercalación artificial en una alegación de una frase que realmente no aparece en los autos originales que obran en la Sala de San Juan del Tribunal Superior. Esa situación debe ser investigada por el Fiscal de este Tribunal.

Los demandantes y apelantes alegan que en el tribunal a quo y en la vista de la moción de desestimación, ellos solicitaron que se enmendase el párrafo quinto de la demanda enmendada para que se cubriese el espacio en blanco. De la transcripción de los incidentes ocurridos en esa vista aparece que los demandantes dijeron lo siguiente:

"Ahora, en cuanto al párrafo quinto, el compañero tiene razón. Debe decirse "se hipotecó al demandado", en ese blanco que ahí aparece. Pero entendemos que por ese solo hecho no debe eliminarse ese párrafo quinto, sino. añadir esa frase nada más".

Sin embargo, no surge de esa transcripción ni de los autos que el tribunal de San Juan hubiese permitido enmienda alguna al párrafo quinto, ni que los demandantes hubiesen solicitado que se autorizase tal enmienda, ni que hubiesen insistido en que se llenase el espacio en blanco. De todos modos, la enmienda sugerida "se hipotecó al demandado" tampoco le daba sentido y significación a la demanda enmendada y no suplía su insuficiencia ya que la supuesta hipoteca del solar no era contrario a lo que, según se alegaba, había sido convenido originalmente. Además, la frase intercalada en la demanda enmendada que aparecía en los autos en este Tribunal cuando dictamos erróneamente la sentencia que ahora estamos reconsiderando era "se traspasaba" y no "se hipotecó al demandado."

*Siendo insuficiente en derecho la demanda enmendada, debe reconsiderarse y dejarse sin efecto nuestra sentencia del 10 de marzo de 1954, y, en su lugar, debe dictarse una sentencia en que se confirme la sentencia apelada.*